<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HERBERT MCNEIL, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY M. PASCUZZI, *et al.*, <br><br> Defendants. | Civil Action No. 23-1725 (SDW) (LDW) <br><br> **WHEREAS OPINION** <br><br> December 18, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon the filing of two motions to dismiss (D.E. 7–8 (the "Motions")) *pro se* Plaintiff Herbert McNeil's ("Plaintiff") Complaint (D.E. 1 ("Complaint")) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). The Motions were filed by two separate sets of defendants: (1) Defendants Jodi Alper, J.S.C. ("Judge Alper") and the State of New Jersey ("State," and together with Judge Alper, the "State Defendants"), and (2) Defendants Ashley M. Pascuzzi and Gross Polowy LLC ("Attorney Defendants," and together with the State Defendants, "Defendants"). This Court having reviewed the parties' submissions and the Complaint for sufficiency pursuant to Rules 12(b)(1) and 12(b)(6); and

**WHEREAS** when a defendant files a motion pursuant to Rules 12(b)(1) and 12(b)(6), district courts generally should first consider the 12(b)(1) jurisdictional challenge because, if the court lacks subject matter jurisdiction over the action, all other defenses and objections become moot. *See Greco v. Grewal*, No. 19-19145, 2020 WL 7334194, at *2 (D.N.J. Dec. 11, 2020), *aff'd on reh'g*, No. 21-1035, 2022 WL 1515375 (3d Cir. May 13, 2022), *cert. denied*, 143 S.Ct. 735

(Mem) (2023); *Balice v. United States*, No. 17-13601, 2018 WL 3727384, at *2 (D.N.J. Aug. 6, 2018), *aff'd*, 763 F. App'x 154 (3d Cir. 2019); and

  **WHEREAS** "[c]hallenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual."[1] *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). In considering a facial attack, a district court "appl[ies] the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party.'" *Aichele*, 757 F.3d at 358 (citing *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, however, a district court may "consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). Irrespective of which approach is used, a plaintiff has the burden of proving that jurisdiction exists. *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009) (citing *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000)); and

  **WHEREAS** the Complaint is littered with rambling and conclusory allegations, but liberally construed, it alleges against all Defendants claims arising out of a foreclosure action in New Jersey state court. (*See generally* D.E. 1.) In sum, Plaintiff generally asserts that Defendant Freedom Mortgage Corporation ("Freedom"), by and through its attorneys, the Attorney Defendants, wrongfully foreclosed on his home. (*Id.* at 1, 9–17.) Defendant Judge Alper presided over the foreclosure proceedings and eventually granted summary judgment in favor of Defendant Freedom on February 28, 2020. (D.E. 8-2 at 249–50.) In so doing, Judge Alper expressly held that Defendant Freedom "ha[d] established a *prima facie* right to foreclose," and in turn, rejected

---

[1] "A facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (cleaned up).

2

Plaintiff's counterarguments as both "unsupported and insufficient." (*Id.* at 254–55.) Fifteen days before Judge Alper rendered her decision, Plaintiff filed a lawsuit in this District against one of Defendant Freedom's attorneys, Maria D. Ramos-Persaud. *See Herbert McNeil v. Attorney Maria D. Ramos-Persaud*, Civ. No. 20-1518 (McNulty, J.). On September 17, 2020, the Honorable Kevin C. McNulty dismissed that action for lack of subject matter jurisdiction. *McNeil v. Ramos-Persaud*, No. 20-1518, 2020 WL 5560759, at *3 (D.N.J. Sept. 17, 2020). Plaintiff now files suit again—this time, alleging a similar slate of claims against a different set of defendants.[2] (*See generally id.*); and

**WHEREAS** this Court lacks subject matter jurisdiction over Plaintiff's claims because they are plainly a veiled attempt to overturn the state court's judgment in the underlying foreclosure action. "The *Rooker-Feldman* doctrine prevents district courts from mistakenly relying on their original jurisdiction to engage in appellate review of state-court orders." *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). That doctrine applies only to cases that meet the following criteria: "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)); and

**WHEREAS** in a case with nearly identical facts, the Third Circuit applied *Rooker-Feldman* because the claims "that the [mortgagee] had no right to foreclose on the [plaintiff's]

---

[2] The claims in the instant Complaint span the gamut from civil rights violations, fraud, forgery, wrongful foreclosure, violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Truth in Lending Act ("TILA"), breach of contract, violation of criminal statutes, failure to follow generally accepted accounting principles ("GAAP"), negligence and recklessness, slander, intentional and negligent infliction of emotional distress, and beyond. (*See generally* D.E. 1.)

3

property and therefore committed 'criminal acts' by enforcing the foreclosure judgment . . . [we]re in essence an attack on the state court judgment of foreclosure." *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013). That same rationale applies here. Plaintiff presents a slew of claims in an effort to undermine Freedom's right to foreclose and, thus, the state-court judgment. Some of the claims relate directly to the validity of the foreclosure—for instance, Plaintiff asserts that Defendant Freedom, in concert with all the other Defendants, violated foreclosure federal statutes, wrongfully foreclosed on the property, breached the mortgage contract, acted negligently and recklessly, and committed forgery and real estate deed fraud. Plaintiff pieces together other claims that indirectly undermine the state-court judgment—that is, Plaintiff insists that Defendants, by exercising their legal right to foreclose, have slandered him, deprived him of due process of law, and negligently and intentionally inflicted emotional distress. It is clear that Plaintiff is merely attempting to relitigate—and collaterally attack—Judge Alper's judgment. This Court cannot exercise jurisdiction over such claims, and therefore, they will be dismissed with prejudice. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163–64 (3d Cir. 2010) ("In certain circumstances, . . . the *Rooker-Feldman* doctrine prohibits the district court from exercising jurisdiction."); and

**WHEREAS** to the extent that any of Plaintiff's claims are not barred under *Rooker-Feldman*, there are alternative grounds for dismissing the Complaint with prejudice.[3] First, the Eleventh Amendment immunizes the State Defendants from suit. The Eleventh Amendment provides: "the Judicial power of the United States shall not be construed to extend to any suit in

---

[3] Although the Third Circuit has cautioned that "the *Rooker-Feldman* doctrine is narrow," *Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 126 (3d Cir. 2016), this Court views all of Plaintiff's claims as attempting to undermine the state-court judgment that Freedom had a right to foreclose. Unlike in *Cuevas*, Plaintiff here does not allege "conduct . . . [that] occurred prior to the foreclosure action, and . . . unrelated to [Freedom's] legal right to foreclose." *Id.* Accordingly, dismissal with prejudice is appropriate on *Rooker-Feldman* grounds alone. In any event, alternative grounds justify dismissal.

law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," U.S. Const. amend. XI, and it "bar[s] all private suits against non-consenting States in federal court, with the goal of protecting 'the States' solvency and dignity,'" *Allen v. N.J. State Police*, 974 F.3d 497, 504–05 (3d Cir. 2020) (internal citations omitted). This immunity extends to "arms of the State," which includes judges. *Karns v. Shanahan*, 879 F.3d 504, 512–13 (3d Cir. 2018); *see also Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("[T]he state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state." (citing *Johnson v. New Jersey*, 869 F. Supp. 289, 296–98 (D.N.J. 1994)). Eleventh Amendment immunity "imposes a jurisdictional bar," but it may be waived if a state "consent[s] to suit in federal court," or if it is abrogated by legislation. *Durham v. Kelly*, 82 F.4th 217, 227 (3d Cir. 2023) (internal citations omitted). "New Jersey has not done so" in this context. *See Allen*, 974 F.3d at 505. Therefore, any claims against the State Defendants will be dismissed with prejudice; and

**WHEREAS** judicial immunity protects Judge Alper too. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). Judicial immunity "secures a 'general principle of the highest importance to the proper administration of justice.'" *Russel v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Indeed, "[t]he Supreme Court has made it clear that 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Judicial immunity does not apply in two sets of circumstances: (1) "actions not taken in the judge's judicial

5

capacity," and (2) actions, "though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* Although it is difficult to discern which factual allegations are specifically directed at Judge Alper, none of the assertions in the Complaint suggest that either of the foregoing circumstances apply here. Therefore, judicial immunity applies to Judge Alper's actions taken in her judicial capacity, and the claims against her will be dismissed with prejudice; and

**WHEREAS** even if Plaintiff's claims were not barred by either *Rooker-Feldman* or immunity, Plaintiff could not assert any of his federal claims against Defendants. "Section 1983 provides a cause of action against any person acting under color of state law who 'subjects' a person or 'causes [a person] to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Vega v. Tekoh*, 597 U.S. 134, 141 (2022). The State, judges acting in their official capacities, and private citizens who are not state actors are not considered "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("Neither the named judges nor the courts or its employees are 'persons' subject to liability under § 1983. The remaining defendant . . . is a private citizen and not a state actor, and therefore cannot be subject to liability under § 1983."). Moreover, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Accordingly, Plaintiff cannot maintain his section 1983 claim against any of the Defendants, and therefore, it will be dismissed with prejudice; and

**WHEREAS** the Complaint also asserts claims for forgery and counterfeiting under 18 U.S.C. § 513, a federal criminal statute. Civil plaintiffs, however, cannot recover civil damages for an alleged violation of a criminal statute. *See Downey v. United States*, 816 F. App'x 625, 628

(3d Cir. 2020); *Gage v. Wells Fargo Banks, N.A. AS*, No. 12-777, 2013 WL 3443295, at *7 (D.N.J. July 9, 2013), *aff'd*, 555 F. App'x 148 (3d Cir. 2014); and

**WHEREAS** having found that the Complaint fails to allege a valid federal cause of action, this Court must assure itself that it has jurisdiction over the state-law claims. It does not. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the United States] Constitution and [federal] statute[s.]" *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670 (3d Cir. 2018) (second, third, and fourth alterations in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The most common grounds for a federal court's jurisdiction are federal question jurisdiction and diversity jurisdiction." *Id.* (citing 28 U.S.C. §§ 1331, 1332). Diversity jurisdiction arises in civil actions between citizens of different States where the amount in controversy exceeds $75,000. While the Complaint sufficiently asserts the latter element, it fails to allege that Plaintiff has a domicile different from all the Defendants. Consequently, for all of the foregoing reasons, this Court lacks jurisdiction over the Complaint[4]; therefore

Defendants' Motions (D.E. 7–8) are **GRANTED WITH PREJUDICE**.[5] An appropriate order follows.

---

[4] Aside from the many deficiencies identified in this Whereas Opinion, the Complaint also utterly fails to comply with Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (confirming that "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief"). Although courts "liberally construe *pro se* filings, . . . a *pro se* complaint may not survive dismissal if its factual allegations do not meet *Iqbal*'s basic plausibility standard." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal citations omitted). Plaintiff is well aware of this requirement. Indeed, in dismissing Plaintiff's largely identical complaint in 2020, Judge McNulty explained Rule 8(a)'s pleading standard. *McNeil*, 2020 WL 5560759, at *2.

[5] Although Defendant Freedom did not file a motion to dismiss or otherwise respond the Complaint, the claims against it are *sua sponte* dismissed for want of subject matter jurisdiction. *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869–70 (3d Cir. 2022) ("[Courts] have a continuing obligation to assess subject matter jurisdiction *sua sponte* at all stages of the proceeding, even when parties do not raise the issue"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

                                               /s/ Susan D. Wigenton
                                           **United States District Judge**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.

---

Moreover, because Plaintiff has failed to file proof of service and thereafter seek entry of default, his request for a default judgment is denied. (D.E. 6.) His request to strike the appearance of Defendants' attorneys is also denied as moot.

8